GEORGE HARRISON *v.* THOMAS C. POOLE and another.

Where the holder of a promissory note, who had commenced an action against the makers, releases, on the trial, one of his co-debtors, *in solido*, in order to use his testimony, but without expressly reserving his recourse against the other, the the latter will be discharged. C. C. 2199. And where in such a case, the release erroneously recites that a judgment had been obtained against the witness, from all liability under which it releases him, the fact that no judgment had been rendered is immaterial, the plaintiff evidently intending by releasing the supposed judgment to release the debt itself.

APPEAL from the City Court of New Orleans, *Collens*, J.

*C. K. Johnson*, for the appellant.

*Vason*, contra.

MORPHY, J. This suit, which is on a promissory note for $700 drawn to the order of the plaintiff, has already been before us. See 4 Robinson, 192. It then appearing from the evidence, that this note had been given to the petitioner by Thomas C. Poole, the managing partner of the firm in New Orleans, under circumstances somewhat suspicious; and there being an averment on the part of Thomas E. Allen, the other partner, residing in New York, who was sought to be made liable on it, that the note had been made fraudulently and without consideration, the case was remanded to afford the plaintiff an opportunity of introducing additional evidence to show what consideration had been given. On the return of the case to the City Court, Thomas C. Poole being offered as a witness in the case, and the judge having rejected his testimony on the score of interest, the plaintiff executed a release in favor of Poole, discharging him of all liability towards him under a judgment, alleged in the instrument to have been rendered against him in the case. The witness was sworn, and the trial proceeded, when, about the close of it, the defendant

filed a peremptory exception, pleading his discharge, and the extinguishment of the debt sued for, by reason of the release granted to his late co-partner and co-debtor, against whom the plaintiff had prayed for a judgment, *in solido*, with him, the defendant. This exception was sustained, and judgment was rendered below in favor of the defendant; whereupon the plaintiff appealed.

The testimony of Thomas C. Poole, which was taken on the second trial, is not much calculated to remove the suspicions which attach to the transaction, and which induced us to remand the case. It would not have much weight with us, were we to go into an examination of the merits of this controversy; but this becomes unnecessary, as we agree with the judge of the first instance, as to the effect of the release granted by the petitioner to Thomas C. Poole, the co-debtor, *in solido*, of Thomas E. Allen, his late partner. The release given to one of two co-debtors, *in solido*, discharges the other, unless the creditor has expressly reserved his right or recourse against the latter. Civil Code, art. 2199. Both of the defendants in this suit were, therefore, discharged by the release thus given to Poole, without any reservation of Harrison's rights against Allen. The circumstance of the release mentioning, that a judgment had been obtained in the suit against Poole, when in fact none had ever been rendered, does not, in our opinion, render the release less valid and binding on the plaintiff. He clearly intended to release Poole from all liability for the demand or debt sued for, which he, or the person who drew up the release, believed to have been sanctioned by a judgment. The use he made of this release to discharge the interest of Poole in the suit, and to make him a competent witness, clearly shows, that in remitting the judgment, he intended to include in such release the debt or demand upon which the supposed judgment was based, otherwise the interest of the witness would have remained unaltered. After thus using this release, and showing his own understanding of its nature and purpose, the plaintiff cannot be permitted to get rid of its effects, by availing himself of an error of fact made in drawing it up. If, when he offered to file this release, it had been objected to on account of this erroneous statement in it, there can be no doubt that he

would have instantly corrected it, so as to make it conformable to the true state of the facts.

*Judgment affirmed.*